
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SEMCRUDE, L.P., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 08-11525 (BLS) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| BETTINA M. WHYTE, as the Trustee, | ) | |
| on behalf of the SemGroup Litigation Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. 10-50840-BLS |
| v. | ) | |
| | ) | |
| C/R ENERGY COINVESTMENT II, L.P., C/R | ) | |
| SEMGROUP INVESTMENT PARTNERSHIP, | ) | |
| L.P., RITCHIE SG HOLDINGS L.L.C., SGLP | ) | |
| HOLDING, LTD., SGLP US HOLDING, L.L.C. | ) | |
| and DOE DEFENDANTS, 1-100 | ) | |
| | ) | |
| Defendants. | ) | |

## RITCHIE DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM SEEKING TO IMPROPERLY ADMIT SUBSTANTIVE EVIDENCE THROUGH EXPERT WITNESSES

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
Patrick J. Reilley (No. 4451)
Sanjay Bhatnagar (No. 4829)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131

**SIDLEY AUSTIN LLP**
Thomas K. Cauley, Jr.
Brian A. McAleenan
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000

*Attorneys for Defendants Ritchie SG Holdings, L.L.C., Ritchie SGLP Holding, Ltd., and SGLP US Holding, L.L.C.*

Dated March 19, 2013

## INTRODUCTION

Defendants Ritchie SG Holdings, L.L.C., Ritchie SGLP Holding, Ltd., and SGLP US Holding, L.L.C. (collectively, the "Ritchie Defendants") respectfully move to preclude Plaintiff Bettina M. Whyte, as the Trustee for the SemGroup Litigation Trust ("Plaintiff"), from seeking to improperly admit substantive evidence through expert witnesses.

On March 8, 2013, Plaintiff disclosed its expected trial witnesses. Notably, this list contained only one fact witness[1] and three expert witnesses whom Plaintiff expects to call to testify at trial. (Pl.'s Am. Pre-Trial Discl., D.I. 194.) As such, the Ritchie Defendants expect that Plaintiff will attempt to introduce documentary evidence at trial through expert witnesses. However, such an attempt would be improper. Documents on which Plaintiff's experts relied in forming their opinions are not admissible because they contain hearsay and lack a proper foundation. The fact that Plaintiff's experts may have relied on such documents in forming their opinions does allow Plaintiff to admit such documents as substantive evidence in this proceeding. Accordingly, the Ritchie Defendants respectfully move for an order that documents Plaintiff introduces through its experts are not admissible as substantive evidence unless Plaintiff establishes that such documents are independently admissible.

---

[1] This sole fact witness is Robert Valbona, a former Bank of America employee. As set forth in the Ritchie Defendants' accompanying motion in limine to exclude Valbona's testimony, Plaintiff should be barred from calling Valbona to testify at trial because he lacks personal knowledge concerning the events relevant to this adversary proceeding.

2

## ARGUMENT

Documents that Plaintiff may attempt to introduce as substantive evidence through its experts are inadmissible. Some of the documents contain hearsay, which is inadmissible unless Plaintiff can demonstrate that an exception to the hearsay rule applies. *See* Fed. R. Evid. 801, 802 (providing that any written statement offered into evidence for the truth of the matters asserted therein is inadmissible as hearsay unless an exception applies); *see also* John H. Wigmore, *Wigmore on Evidence* §17, n.20 (2012) (explaining that the proponent of a piece of evidence has the burden of demonstrating that an exception to the hearsay rule applies). Other documents are inadmissible because Plaintiff has not established a proper foundation for those documents, and Plaintiff's experts cannot lay the proper foundation for the documents. *See* Fed. R. Evid. 602 (providing that a witness may testify to a matter only if witness has personal knowledge of the matter); *Lidle v. Cirrus Design Corp.*, 278 F.R.D. 325, 333 (S.D.N.Y. 2011) (refusing to admit documents as substantive evidence through plaintiffs' expert because expert cannot provide the proper foundation for the documents); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1062 (9th Cir. 2003) (refusing to admit through expert witness a lab report as substantive evidence in the case without proper foundation testimony).

The fact that an expert may have relied on a document containing hearsay in forming his opinion does not make the document admissible as substantive evidence. *Lidle*, 278 F.R.D. at 333 ("[E]xpert witness[es'] mere reliance upon facts or data in forming the[ir] opinion . . . does not render the facts or data admissible, as substantive evidence . . . ."). Rather, inadmissible hearsay on which experts rely in forming their

3

opinions may be disclosed to the trier of fact for the sole purpose of *evaluating* the experts' opinions and *not as substantive* evidence. *See Seely v. Archuleta*, No. 08-cv-2293, 2011 WL 3625073, *10 (D. Colo. Aug. 17, 2011) (finding it "impermissible" for a party to try to introduce the basis of its expert's opinions "to prove the substantive truth of the information," rather than "to assist the jury in evaluating [the expert's] testimony"). Likewise, if an expert relies on evidence for which a proper foundation has not been established, such evidence cannot be used as substantive evidence of his ultimate conclusions. *Lidle*, 278 F.R.D. at 333; *Turner*, 338 F.3d at 1062.

To the extent that Plaintiff seeks to have its experts provide an "overview" of the purported evidence in this case, such attempts should not be permitted. Courts have explained that such testimony is "not justified as expert testimony" because it is "not in any way linked to the 'specialized knowledge' that Rule 702 requires." *United States v. Casas*, 356 F.3d 104, 120 (1st 2004). The circuits that have "address[ed] the use of overview witnesses have reached uniformly negative conclusions" that such testimony is not appropriate. *United States v. Moore*, 651 F.3d 30, 56–57 (D.C. 2011) (citing *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005); *Casas*, 356 F.3d 104; *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003).

Federal Rule of Evidence 703 is not to the contrary. Rule 703 provides that the evidence experts rely on in forming their opinions need not be admissible for the opinion to be admissible. However, such inadmissible evidence does not become admissible simply because an expert relied on it in forming his opinion.[2] Indeed, Rule 703 expressly

---

[2] In fact, Rule 602, which requires a witness to have personal knowledge of a matter to which he is testifying, states that "[t]his rule does not apply to a witness's *expert testimony* under Rule 703." Fed. R. Evid. 602 (emphasis added). Thus, an expert

4

provides that where experts base their opinions on otherwise inadmissible evidence, such evidence cannot even be disclosed to the trier of fact – let alone admitted as substantive evidence – unless the proponent of the evidence establishes that the "probative value in helping the jury *evaluate* the opinion[s] substantially outweighs [the evidence's] prejudicial effect." Fed. R. Evid. 703 (emphasis added). And even where such a showing is made and an expert is allowed to testify concerning the inadmissible evidence, the evidence can be used solely to *evaluate* the expert's opinions and "must not be used . . . for substantive purposes." Fed. R. Evid. 703 advisory comm. notes (2000); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984) ("Rule 703 merely permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion. . . . It does not allow the admission of the [underlying evidence] to establish the truth of what [it] assert[s].") (internal citation omitted).[3]

In summary, where experts rely on inadmissible evidence to form their opinions, the experts are presumptively prohibited under Rule 703 from even disclosing or discussing this inadmissible evidence to the trier of fact. In all events, evidence on which experts rely in forming their opinions is never admissible as substantive evidence, but rather, is solely admissible to evaluate the experts' opinions. For these reasons, the Court

---

opinion can be admissible even if the expert does not have personal knowledge of the underlying evidence. But, the underlying evidence is not admissible without personal knowledge. *See Lidle*, 278 F.R.D. at 333 ("[P]assing references to documents in [the expert's] testimony alone could not form the basis for admitting into evidence the documents themselves.").

[3] The importance of determining the admissibility of evidence relied on by experts applies to bench trials as well as jury trials. *See Paddack*, 745 F.2d at 1262 (affirming district court's ruling on admissibility of audit reports underlying expert opinion in bench trial).

41445/0028-9366028v1

should enter an order that otherwise inadmissible documents introduced through Plaintiff's experts are not admissible as substantive evidence.

## CONCLUSION

For the foregoing reasons, the Ritchie Defendants respectfully request that the Court enter an order that documents Plaintiff introduces through its experts are not admissible as substantive evidence unless Plaintiff establishes that such documents are independently admissible.

Dated March 19, 2013                             Respectfully submitted,

                                              COLE, SCHOTZ, MEISEL,
                                              FORMAN & LEONARD, P.A.

By: */s/ Sanjay Bhatnagar*
Patrick J. Reilley (No. 4451)
Sanjay Bhatnagar (No. 4829)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

and

SIDLEY AUSTIN LLP
Thomas K. Cauley, Jr. (admitted *pro hac vice*)
Brian A. McAleenan (admitted *pro hac vice*)
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Defendants Ritchie SG Holdings, L.L.C., SGLP Holding, Ltd., and SGLP US Holding, L.L.C.*

41445/0028-9366028v1